No. 2207.—DAVID WALLACE et als. v. R. D. URQUHART et al.

Dry goods, such as calico, lawn, poplin, white cotton hose, and the like, sold to laborers on a. plantation, give no privilege to the vendor on the crop of cotton of that year grown on the place. A privilege is only given on the growing crop of the year for such necessary supplies as are used in producing it.

APPEAL from the Seventh District Court, parish of Orleans. Collens, J. E. T. Fellows and E. W. Huntington, for plaintiffs and appellants. Hays & New, for defendants and appellees.

WYLY, J. The plaintiffs, claiming the privilege of a furnisher of supplies, sequestered fifty-four bales of cotton consigned to D. R. Carroll & Co. by John R. Williams.

D. R. Carroll & Co. intervened, and, denying the privilege asserted by the plaintiffs, alleged that they received said cotton as the commission merchants of said Williams, to whom they had advanced supplies to the amount of $6110 72 to produce it, and that they have a privilege thereon superior to the plaintiffs.

The court gave judgment setting aside the sequestration and dismissing the demand of the plaintiffs, and restoring the cotton to the intervenors, D. R. Carroll & Co., and recognizing the privilege of the latter thereon for the amount claimed by them. The plaintiffs have appealed.

The contest is between the plaintiffs and the intervenors.

It appears that in 1866 John R. Williams purchased from the plaintiffs a lot of dry goods for the store kept by him on the " Willow Glen Plantation," in the parish of Rapides, which plantation he was cultivating that year, and that the goods were purchased by him to be sold to the laborers on the place. The debt contracted for the goods amounted to $3819 40, and the only evidence we find in reference to their destination is the statement of Williams, who testified in the case. He says: "The goods mentioned in the account were sold to the negroes by me on the Willow Glen Plantation; some were used in my family, and some left on hand not sold. I had a store on the plantation, from which these goods were sold."

What part of the goods were sold to the laborers, what part was left,

on hand, and what part was consumed by the family of Williams, we are not informed by the record. But whether the merchandise was furnished to the laborers or not, an examination of the invoice thereof satisfies us that the plaintiffs are not entitled to the privilege which they assert. The items charged in the account were not necessary supplies. The following are specimens: "Apron checks, gingham, Eng. long cloth, furniture, English barege, lawn, poplin, plaid organdie, jaconets, canton flannel, jeans and satinet pants, white cotton hose, balmorals, pins, wallets, necklaces, buckles, needles, fancy ties, vests, green barege, Victoria lawn, swiss, brilliantine, mohair orientals, pearl buttons, plaid shawls," etc. These articles were not necessary to the subsistence of the plantation, and the plaintiffs furnishing the same are not entitled to a privilege on the cotton sequestered by them.

It is therefore ordered that the judgment appealed from be affirmed, with costs.

Rehearing refused