LAND, J.
This case was remanded for the restricted purpose of enabling the parties to adduce further evidence on the issue of privilege vel non claimed by the plaintiff; the court saying:
“The evidence is not sufficiently certain to enable us to determine what necessary plantation supplies were advanced by the plaintiff to the defendant to enable him to make a crop of sugar ■on his plantation.” See 124 La. 255-256, 50 South. 30.
The cause was tried anew on this issue, •and there was judgment in favor of the intervener and third opponent. Plaintiff has •appealed.
On the second trial of the case, no evidence was adduced to show the articles of merchandise furnished by the plaintiff to the defendant. In other words, the accounts between the parties for the year 1907 were not produced. The privilege of the furnisher of supplies arises from the sale of ¡such articles “as are necessary for the subsistence of the plantation.” Wallace v. Urquhart, 23 La. Ann. 469; Stafford v. Pearson and Williams, 26 La. Ann. 658. The •evidence shows that the groceries furnished included cigars, tobacco, whisky, preserves, jellies, pickles, and canned goods, none of which are necessary supplies. Without a detailed account of all the articles furnished it is impossible for the court to determine the existence and extent of the privilege claimed by the plaintiff.
Moreover, the evidence leaves it doubtful whether the plaintiff dealt with the defendant as a merchant or as a planter. The defendant kept a general store on his plantation, and his clerk sold to all persons who wished to buy. The plantation hands were paid every other week in cash furnished by the intervener, and their purchases from the store were paid out of their wages. The amount and nature of the supplies sold to the tenants on the plantation does not appear.
The case was tried on January 18, 1910, and was taken under advisement by the judge a quo. On January 31, 1910, judgment was rendered against the plaintiff, for the reason among others that the plaintiff had failed to prove any privilege on the crops of the defendant for the year 1907. On the next day, the plaintiff moved for a new trial on the grounds that during the argument of the cause his counsel had asked to be reserved the right to offer in evidence and make proof of an itemized statement of the advances and supplies furnished by plaintiff to the defendant in the year 1907; and that the court stated that if, after reading the testimony, such a statement should in the opinion of the court become necessary, plaintiff might then, make application for filing the same in the record. The motion further set forth that although the plaintiff used due diligence to obtain said statement (a copy of which was annexed to the motion), and to make said application before final judgment was rendered, the said statement became strayed in the mail, and was received too late to accompany any application before final judgment. This motion was properly *111 overruled by the court. The want of due diligence is patent on the face of the record.
This cause was remanded June 30, 1909, and the plaintiff had more than six months to procure evidence. The allowance of further time by the trial judge was a matter of grace.
Plaintiff has filed a motion to remand the case a second time for the purpose of proving and filing the account annexed to the motion for a new trial. To grant the motion to remand would be to encourage laches in the trial of cases.
Judgment affirmed.