No. ——

First Circuit

BROUSSARD-LABRY INC. v. PEOPLE'S BANK & TRUST CO.

(Jan. 7, 1927.   Opinion and Decree.)

(*Syllabus by the Editor.*)

1.   **Louisiana Digest—Agriculture—Par. 24.**

Unless the furnisher of supplies can show in detail the nature, amount and price of the articles furnished for the opera-

tion of the farm or plantation, he cannot prove the privilege on the crop accorded by Act 93 of 1922.

Appeal from the District Court, Parish of Vermilion. Hon. W. W. Bailey, Judge.

Action by Broussard-Labry Inc. against People's Bank & Trust Co., et als.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Broussard & Sampson, of Abbeville, attorneys for plaintiff, appellant.

Nugier & Gordy, of Abbeville, attorneys for defendant, appellee.

LECHE, J.     The purpose of this suit is to hold defendants liable as purchasers of a farm, for the amount of a crop privilege alleged to have been affecting the crop which had been grown on said farm, although not yet harvested, when defendants bought and took possession thereof.

Plaintiff charges that it made advances to one Lessin Mouton to enable him to plant, cultivate and gather during the year 1925, crops of rice, cotton and corn, on his farm situated in the Parish of Vermilion, as evidenced by two contracts, one on January 29, 1925, and the other of July 29, 1925. That in accordance with its said agreement it made advances in money and supplies to said Lessin Mouton amounting to twelve hundred and eighty-two 81/100 dollars.     That under said contracts, its said advances were used to grow crops of rice, cotton and corn, and were secured by the privilege accorded by law in favor of the furnisher of supplies, upon the crops grown by Lessin Mouton. That said advances were additionally secured by pledge and pawn in accordance with the Act of 1874, as amended by Act 93, p.

173 of 1922, as stipulated in its said contracts of January 29, and July 29, 1925. That the farm of Lessin Mouton was sold under executory process on August 8, 1925, and was adjudicated to J. B. Frederic, a party interposed, the real purchaser being the People's Bank & Trust Company of Abbeville, and that said purchaser took possession of the farm as well as of the growing and ungathered crops thereon, harvested said crops and sold the same for its own benefit, without accounting to plaintiff, notwithstanding the fact that said crops remained affected with the plaintiff's lien and privilege and right of pledge.     Plaintiff further charges that said crops were sold for more than the amount of the privileged indebtedness affecting the same, and prays that defendant be ordered to account to it, for the proceeds of said crops and in default thereof; that defendant be condemned to pay to it the full amount of said advances with interest and costs, less the sum of one hundred and twenty 19/100 dollars received on account September 18, 1925.

The District Court refused and rejected plaintiff's demand and it has appealed to this court.

The charge that the People's Bank & Trust Company was the real purchaser is practically abandoned in this court, and the case is presented as one against J. B. Frederic and will be treated and considered as such.

The question in the case is whether plaintiff had any privilege at all upon the crops grown by Lessin Mouton upon his farm during the year 1925.

As before stated, the contract for advances by plaintiff to defendant, were made on January 29, 1925, and July 29, 1925. Each provided for advances in the sum of five hundred dollars; that of Janu-

ary was recorded two days after it had been entered into, viz: On January 31, 1925, and that of July 29th, was only re-corded September 15, 1925, after the farm had passed into the ownership and posses-sion of Frederic. As soon as these con-tracts were entered into they were carried out in the following manner: Plaintiff would turn over to defendant, booklets containing coupons for an amount equal to that agreed to be advanced. The cou-pons were then used as representatives of money and were redeemable in cash and merchandise in a store conducted by plain-tiff. This system was evidently adopted for one of two purposes, and possibly for both. It dispensed plaintiff from the trouble of keeping books showing in detail the purchases made by Mouton, and at the same time it more or less limited Mouton to making all his purchases in plaintiff's store. So that when the case was tried in the District Court, plaintiff was unable to designate and itemize the kind and quan-tity of merchandise it had furnished to Mouton and could not show that such mer-chandise consisted of supplies to culti-vate his crops. Mouton as a witness says he got some cash, bought a buggy for his son, bought a couple of plows for fifteen dollars, bought clothing, coffee, tobacco, shoes, etc., but could give no definite account of what he had bought with the coupons.

Plaintiff assimilates its position to that of a commission merchant who in making advances discounts planters' paper in a bank and places the proceeds to the credit of the planter, to be drawn by him as needed during the current year. It was held in Hewitt vs. Williams, 47 La. Ann. 750, 17 South. 269, that "where money is advanced to purchase supplies, it would be unreasonable to require the party who advances the money to inquire into the de-tails of its disbursement. In fact, if he places the money in bank to the credit of the borrower, he cannot control its use. He cannot, therefore, be held to a knowl-edge of the ultimate destination, and be required to direct its specific use. Leh-man Abraham & Co. vs. Godberry, 40 La. Ann. 219, 4 South. 316." Plaintiff quotes in support of its position the case of American Oil Co. vs. Spiller Sugar Co., 161 La. (108 S. R., p. 878). In that case it was held that one who furnishes fertil-izer to grow a crop, is not bound to follow the fertilizer and see that it is actually spread on the land where the crop is planted, in order to have his privilege rec-ognized.

On the other hand it was held in the case of Lochte vs. Lefevre, 128 La. 109, 54 South. 578, that "the privilege of the furnisher of supplies on the crops of the year arises only where the supplies are necessary for the operation of the farm or plantation. Such a privilege cannot be recognized in the absence of evidence showing in detail the nature, amount and price of the article furnished". In that case the evidence showed that the gro-ceries furnished included cigars, tobacco, whisky, preserves, jellies, pickles and canned goods, none of which were held as necessary supplies. The court further quoted as precedents, the cases of Wallace vs. Urquhart, 23 La. Ann. 469, and Staf-ford vs. Pearson & Williams, 26 La. Ann. 658.

In the present case, the plaintiff is not a commission merchant in the sense in which that expression is generally under-stood in South Louisiana. A commission merchant is one who buys and sells on commission, but keeps no stock of supplies of his own. The plaintiff here is simply a merchant who sells his own goods and supplies and his interest in furnishing the farmer, consists of the profits which he

makes in the sale of such goods and supplies. It is within the power of the ordinary merchant, such as plaintiff is, to keep posted as to the details of the "nature, amount and price" of the articles which he furnishes as supplies. Plaintiff, on account of the system that it had adopted in its dealings with Mouton, was unable to show the "nature, amount and price" of the articles it had furnished him, and the district judge in consonance with the law as construed in the case of Lochte vs. Lefevre, held that there was no proof to justify the recognition of a privilege. We fail to find any error in that ruling.

For these reasons the judgment appealed from is affirmed.