No. 979

First Circuit

DANTONI v. MONTEBELLO
(DEPAULA & DISTEFANO, Interveners)

(March 8, 1932. Opinion and Decree.)

Rownd & Warner, of Hammond, attorneys for plaintiff, appellant.

Leon Ford, Jr., of Hammond, attorney for intervener, appellee.

MOUTON, J. Plaintiff, Dantoni, obtained a judgment for $264.31 against Montebello, defendant, in execution of which under a fi. fa. a strawberry crop of the latter was seized.

Depaula & Distefano, a partnership, intervened, claiming a balance of $207.75 against Montebello, with privilege on his crop of the current year for advances in money and necessary supplies made to him for its production.

The trial judge recognized the privilege asserted by the intervener, holding it should be paid by preference over the privilege resulting from the seizure effected by Dantoni under his judgment, and rejecting his demand.

Plaintiff appeals.

The advances in money and supplies made to Montebello, intervener alleges, amounted to $1,447.92, on which it admits to have received $1,240.17 from Montebello, seized debtor, leaving the balance of $207.75 on which the privilege is claimed.

Promissory notes were made by defendant in favor of intervener for these advances in the following amounts: $292.16, $238.03, and $385.60.

It is stated in these notes that they are given for money advanced to make the strawberry crop of 1930, 1931, which was seized.

Depaula, one of the members of the intervening partnership, testifies that cash was advanced on these notes to Montebello, defendant.

Defendant, when asked, as a witness, how much cash he got from intervener, says:

"I got so much. I don't know myself. I know the books show. The statements show over fourteen hundred dollars—that is for fertilizer and everything."

After admitting that he owed intervener the balance claimed in this suit, defendant is asked:

"Q. You actually owe that sum?
"A. Yes.

"Q. That money was actually put into the crop?
"A. Yes.
"Q. And that is the identical crop under seizure?
"A. Yes, sir."

In the case of Hewitt v. Williams, 47 La. Ann. 742, 17 So. 269, the court held that, where money is advanced to make a crop, the party advancing it is not required to prove its ultimate destination. This seems reasonable to us, otherwise the party furnishing the money would have to follow it in the hands of the borrower to see that it be applied to the purchase of necessary supplies.

Here, however, it seems that this condition was met as it was shown by defendant that the amount sued for had been put into the crop under seizure. It was therefore shown with legal certainty that the sums advanced were used for the production of the strawberry crop.

Counsel for plaintiff, on the main demand, refers us to the case of Broussard-Labry, Inc., v. People's Bank &. Trust Co., 5 La. App. 312, decided by this court. In that case reference is made to the Lochte Co. v. Lefebvre, 128 La. 109, 54 So. 578; Wallace v. Urquhart, 23 La. Ann. 469; Stafford v. Pearson & Williams, 26 La. Ann. 658. In all those cases the claim was based on necessary supplies furnished the farmer, and not for money advanced and shown to have been applied to the production of the crop, as appears herein. Hence, the ruling in those cases does not control the issue presented in the instant case, which, as we have shown, comes for proper solution under the doctrine announced in Hewitt v. Williams, 47 La. Ann. 742, 17 So. 269, above cited, and, particularly,

when it is proved that the money advanced was used in the production of the crop on which the privilege is claimed.

Counsel for plaintiff brings to our notice the fact that nearly $900 of the amount advanced was applied to other purposes than to the planting, production and harvesting of the crop.

This proof can entitle plaintiff only to a deduction of that sum from the asserted claim of $1,447.92. The evidence is that $865 was so used, leaving a balance of $582.92 on the amount advanced by intervener whose claim is for a balance of $207.75, which defendant testifies was actually put into the crop produced for the current year. This proof establishes the privilege of intervener as hereinabove stated.

Counsel for plaintiff refer to the fact that only one of the notes attached to intervener's petition was recorded.

Intervener is not claiming its privilege under the Act No. 66 of 1874, amended by Act No. 93 of 1922.

The claim is made for money and supplies advanced for the making of a crop which the law does not require to be recorded. Purity Feed Mills Co. v. Moore (Bank of Acadia, intervener), 152 La. 393, 93 So. 196.

The court correctly gave precedence to the privilege of intervener against plaintiff's claim.